IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 13-2063 (RGA) |
| COMCAST CABLE COMMUNICATIONS, LLC, | ) | |
| Defendant. | ) | |

**DEFENDANT COMCAST CABLE COMMUNICATIONS, LLC'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Comcast Cable Communications, LLC ("Comcast Cable"), by and through its undersigned attorneys, hereby responds to Plaintiff Dragon Intellectual Property, LLC ("Dragon")'s Complaint for Patent Infringement ("Complaint") (D.I. 1), as follows.

**NATURE OF THE ACTION AND PARTIES**

1. Comcast Cable admits that Dragon purports to bring this action as one for alleged patent infringement arising under the patent laws of the United States, but denies any such infringement.

2. Comcast Cable is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and, therefore, denies them.

3. Admitted.

**JURISDICTION**

4. Comcast Cable admits that this Court has subject matter jurisdiction over actions arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331(a) and 1338(a),

and that Dragon purports to bring this action as one for alleged patent infringement arising under the patent laws of the United States, but denies any such infringement.

## VENUE

5. Comcast Cable does not contest that venue is proper in this District.

## FACTUAL BACKGROUND

6. Comcast Cable admits that U.S. Patent No. 5,930,444 (the "'444 Patent") bears a title of "Simultaneous Recording and Playback Apparatus" and that what purports to be a copy of the '444 Patent was attached to the Complaint as Exhibit A.

7. Comcast Cable denies the allegations of paragraph 7, and to the extent the allegations purport to characterize the '444 Patent, that document speaks for itself.

8. Comcast Cable admits that the '444 Patent bears a filing date of April 28, 1994, purports to be a continuation of an application filed on April 23, 1992, and bears an issue date of July 27, 1999, but denies that the '444 Patent was duly and legally issued.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,930,444

9. Comcast Cable repeats and incorporates each of its responses to the allegations contained in paragraphs 1-8 as if fully set forth herein.

10. Comcast Cable is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and, therefore, denies them.

11. Denied.

## PRAYER FOR RELIEF

12. Comcast Cable denies any factual assertions contained in Dragon's Prayer for Relief and further denies that Dragon is entitled to the relief it seeks or any other relief.

## DEFENSES

Comcast Cable alleges and asserts the following defenses in response to the allegations of Dragon's Complaint, undertaking the burden of proof only as required by law. Comcast Cable reserves the right to amend its Answer, or assert additional defenses, as additional information becomes available and/or is discovered.

### FIRST DEFENSE
### (Non-Infringement of the Asserted Patent)

13. Comcast Cable has not infringed and does not infringe (either directly, indirectly, jointly, willfully, or otherwise) any claim of the '444 Patent, either literally or under the doctrine of equivalents.

### SECOND DEFENSE
### (Invalidity of the Asserted Patent)

14. The claims of the '444 Patent are invalid for failure to comply with one or more provisions of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD DEFENSE
### (Prosecution History Estoppel/Disclaimer)

15. By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicants during the prosecution of the patent applications that led to the issuance of the '444 Patent, Dragon's claims of patent infringement are barred in whole or in part by the doctrine of prosecution history estoppel and/or prosecution history disclaimer.

### FOURTH DEFENSE
### (Equitable Defenses)

16. Dragon's claims are barred or are limited by the doctrines of laches, waiver, acquiescence and/or estoppel.

**FIFTH DEFENSE**
**(Failure to Mark)**

17. Dragon IP's entitlement to damages, if any, is limited to the extent that Dragon IP, its predecessors in interest to the '444 patent, or licensees of the '444 patent failed to mark their relevant products pursuant to 35 U.S.C. § 287.

**SIXTH DEFENSE**
**(License and/or Exhaustion)**

18. To the extent that Dragon IP has licensed or otherwise exhausted its rights and remedies as to products or services accused in the Complaint, Comcast Cable is not liable to Dragon IP for any alleged acts of infringement related to such products or services.

**SEVENTH DEFENSE**
**(No Injunctive Relief)**

19. To the extent Dragon seeks injunctive relief for alleged infringement of the '444 Patent, that relief is unavailable because any alleged injury to Dragon is not immediate or irreparable, the balance of hardships and public interest weighs against the grant of an injunction, and Dragon has an adequate remedy at law.

**EIGHTH DEFENSE**
**(Limitations on Damages and Costs)**

20. Any claim by Dragon for damages for activities occurring more than six years prior to the filing of the complaint is barred by 35 U.S.C. § 286.

21. Upon information and belief, Dragon's claim for costs is barred, in whole or in part, for failure to comply with 35 U.S.C. § 288.

**PRAYER FOR RELIEF**

WHEREFORE, Comcast Cable prays that the Court enter judgment in its favor and against Dragon as follows:

A. A declaration that Comcast Cable has not infringed any valid claim of the ’444 patent;

B. A declaration that the claims of the ’444 patent are invalid and/or unenforceable;

C. Dismissing, with prejudice, Dragon’s claims against Comcast Cable;

D. Denying all relief that Dragon seeks in its Complaint;

E. Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Comcast Cable its costs and attorneys’ fees; and

F. Awarding any other relief the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Ethan H. Townsend (#5813)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com
etownsend@mnat.com

*Attorneys for Defendant Comcast Cable Communications, LLC*

OF COUNSEL:

Michael Brody
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600

Michael Murray
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-4700

Alexandra McTague
WINSTON & STRAWN LLP
3300 Hillview Avenue
Palo Alto, CA 94304
(650) 858-6500

March 3, 2014
8024363.1

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 3, 2014, upon the following in the manner indicated:

Richard D. Kirk, Esquire *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
Vanessa R. Tiradentes, Esquire
BAYARD, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
*Attorneys for Plaintiff*

Robert E. Freitas, Esquire *VIA ELECTRONIC MAIL*
FREITAS TSENG & KAUFMAN LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA 94065
*Attorneys for Plaintiff*

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)